**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY SCOTT BAREA,**

           **Plaintiff,**
      v.                                 **1:05-CV-1523**
                                           **(GLS/DRH)**

**STATE UNIVERSITY OF NEW YORK**
**AT ALBANY,**

           **Defendant.**
_____

**APPEARANCES:**               **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Jeffrey Scott Barea
Plaintiff *Pro Se*
3400 Joyce Lane #236
Denton, TX 76207

**FOR THE DEFENDANTS:**

State University of New York
at Albany

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Pending is Jeffrey Barea's motion for a temporary restraining order

and emergency injunctive relief. He seeks an order barring the State University of New York at Albany (SUNYA) from any further collection activities, requiring SUNYA to permit him to register for classes for the upcoming Spring 2006 semester. For the reasons that follow, Barea's motion is **DENIED**.

## II. Discussion

### A. Temporary Restraining Order

To justify the grant of a temporary restraining order, plaintiff must satisfy the same prerequisites as a party seeking a preliminary injunction. *Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.* 965 F.2d 1224, 1228 (2d Cir. 1992). "[A] preliminary injunction is an extraordinary remedy that should not be granted except upon a clear showing that there is a likelihood of success and irreparable injury ...." *Diversified Mortgage Investors v. U.S. Life Title Ins. Co.*, 544 F.2d 571, 576 (2d Cir. 1976) (citations omitted).

"A party seeking preliminary injunctive relief must establish (a) that the injunction is necessary to prevent irreparable harm and (b) either that (i) [he] is likely to succeed on the merits of the underlying claim or (ii) there are sufficiently serious questions going to the merits of the claim as to

2

make it a fair ground for litigation and that the balance of the hardships tips decidedly toward the movant." *Eng v. Smith*, 849 F.2d 80, 81-82 (2d Cir. 1988) (citation omitted).  Moreover, "[w]here injunctive relief does not merely maintain the *status quo*, but rather grants the movant substantially all the relief he ultimately seeks, as is the case here, an even more stringent standard is required.  The movant must show a substantial likelihood of success on the merits, i.e., that [his] cause is considerably more likely to succeed than fail (together, of course, with the requisite irreparable injury)." *Hogan v. Russ*, 890 F. Supp. 146, 150 (N.D.N.Y. 1995) (internal quotation marks, citations omitted)*.*

     Here, Barea's claims are not a model of clarity.  Barea seeks a temporary restraining order compelling the defendants to allow him to register for classes in the Spring.  To the extent Barea claims that SUNYA is retaliating against him by not permitting him to return to classes in the Spring, these assertions fail to meet the stringent standard discussed above.  Moreover, Barea concedes that the university has a policy in place prohibiting students from registering for classes when they have failed to pay the full tuition due.

     On these facts, Barea has failed to demonstrate a substantial

3

likelihood of success on the merits of his claim.  Furthermore, he has failed to satisfy the requisite irreparable injury prong.  Accordingly, Barea's motion is **DENIED.**

**WHEREFORE**, it is hereby

**ORDERED** that the motion for a preliminary injunction is **DENIED;** and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties.

**IT IS SO ORDERED.**

December 22, 2005
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge